## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JAMES E. RUSSELL,** *Plaintiff* | § § § | |
| **v.** | § § | **Case No. 1:23-CV-00788-DII-DH** |
| **AUSTIN COMMUNITY COLLEGE,** *Defendant* | § § § § | |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:   HONORABLE UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff James E. Russell's Application to Proceed *In Forma Pauperis*, Dkt. 2. Because Russell is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of their claims pursuant to 28 U.S.C. § 1915(e).

### I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Russell's financial affidavit and determined Russell is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Plaintiffs' request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving

security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Russell is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending that Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.   REVIEW OF THE MERITS OF THE CLAIMS

Because Russell has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Additionally, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party seeking to invoke the power of the Court bears the burden to establish federal jurisdiction. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012) (citing *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 270 (5th Cir. 2006)). The Court will not assume it has jurisdiction; "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Chandler v. United States*, 338 F. Supp. 3d 592, 598 (N.D. Tex. 2018) (citing *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988)).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

According to a report from the Austin Community College ("ACC") District Police Department, while Russell visited the Highland Campus of ACC, he told ACC staff that he was being made to feel uncomfortable by the staff. Dk. 1, at 7. He asked about filing a complaint and the staff called Campus Police which made Russell even more uncomfortable. *Id.* Campus Police arrived at the scene, spoke to Russell, and

provided him with contact information for the staff supervisor. *Id.* There were no further incidents during Russell's visit and ACC staff confirmed that Russell "was not loud, disruptive or threatening in any manner whatsoever." *Id.* However, the ACC Police reports notes that Russell speaks in a low monotone voice "which can be interpreted as offensive" and that the ACC staff person who made the call to campus police stated she was a "little annoyed" when asked if she felt safe in Russell's presence. *Id.* at 8, 10.

Russell complains that "some claims about [him in the ACC police reports] are misconstrued and out of context." *Id.* at 1. For instance, the reports say he stated he is a current college student, when in fact he told the officer on site that he was a college graduate and a visitor, not a student, at the time of his visit to the ACC Highland Campus. *Id.* He further claims that the report described the incident as "an ACC student [feeling] like he was having a crisis" when, in fact, Russell was not disruptive, or threatening. *Id.* at 1-2. Therefore, Russell argues, the report mischaracterizes his conduct. *Id.* Russell's complaint also questions why Campus Police were called in the first instance, purely on the basis of him having a low, monotone voice. *Id.* at 2. Russell states that shortly after the incident he was told by ACC Highland Staff that a decision had been made to revoke his visitor rights, which was "humiliating and offensive" to him. *Id.* at 3.

Russell's complaint cites § 37.08 of the Texas Penal Code governing the making of a False Report to Peace Officer, Federal Special Investigator, Law Enforcement Employee, Corrections Office or Jailer. *Id.* at 3. He asserts that ACC staff violated

4

this provision by providing false testimony to Campus Police and denied him his constitutional rights to freedom of speech. *Id.* He argues that staff members "responsible for false statements should be removed from their position at ACC at the very least." *Id.*

Ordinarily, two bases exist for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction. Under 28 U.S.C. § 1331, a federal court has federal question jurisdiction over controversies involving questions of federal law. A federal court has diversity jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.00 under 28 U.S.C. § 1332. There is no diversity jurisdiction in this case because Russell claims all of the parties are residents of Texas. Dkt. 1, at 1. Federal question diversity is also lacking because Russell has not alleged an applicable federal statute or constitutional principle to confer jurisdiction on this Court.

Russell's complaint states that his constitutional right to freedom of speech was violated. Dkt. 1, at 3. While such a claim for a violation of a constitutional right may be brought under 42 U.S.C. § 1983, Russell has not pleaded the elements of a § 1983 claim. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Even applying lenient pleading standards to this pro se litigant, Russell's complaint is devoid of any facts to state a claim that is

5

plausible on its face because he has not pleaded facts adequate to demonstrate that ACC staff against whom he brings his claim acted under the color of state law.

Based on the foregoing, the undersigned finds that Russell has failed to meet his burden of establishing federal jurisdiction and fails to state a claim on which relief may be granted by this Court. Russell's complaint should be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(h)(3) or alternatively, under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### III.  Order and Recommendation

The undersigned hereby **GRANTS** Russell's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Court **DISMISS** Hill's complaint, Dkt. 1, **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3), or alternatively, 28 U.S.C. § 1915(e)(2)(B). The referral of this case should now be **CANCELED**.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report

and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 14, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE